UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                  Criminal Case No. 97-81440-1
                                                   Honorable Patrick J. Duggan

GEORGE BLAIR,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

This matter is presently before the Court on Defendant George Blair's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," filed December 19, 2011. Defendant filed a citation of supplemental authorities in support of his motion on February 15, 2012. At the Court's request, the Government filed a response to the motion on February 17, 2012. For the reasons that follow, the Court denies the motion.

In February 1998, following a bench trial, Defendant was convicted of five counts of possession with intent to distribute controlled substances. At his sentencing in September 1998, Defendant was held accountable for 49 grams of heroin and 357 grams of crack cocaine or a total of 7,189 kilograms of "marijuana equivalents." Defendant's original total offense level was 38 and his criminal history category was 11, resulting in a recommended guidelines range of 262-327 months under the United States Sentencing Guidelines. The Court imposed a sentence of 262 months. The Sixth Circuit affirmed Defendant's conviction and sentence on direct appeal and the Supreme Court

subsequently denied his petition for a writ of certiorari. *United States v. Blair*, 214 F.3d 690 (6th Cir.), *cert. denied* 531 U.S. 880, 121 S. Ct. 191 (2000).

On March 16, 2001, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Among other grounds for relief, Defendant challenged his sentence based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). This Court denied Defendant's motion on August 7, 2001, and his subsequently filed motion for reconsideration on August 23, 2001. The Sixth Circuit Court of Appeals affirmed this Court's decisions on December 11, 2002. *Blair v. United States*, 53 Fed. App'x 746 (6th Cir. 2002).

Defendant thereafter sought authorization from the Sixth Circuit to file a second or successive motion to vacate sentence under § 2255. The Sixth Circuit denied Defendant's request. *In re Blair*, No. 03-2008 (6th Cir. Dec. 17, 2003) (amended Jan. 9, 2004).

On March 23, 2005, Defendant filed a "Motion to Vacate Judgment of Habeas Corpus Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure." In his motion, Defendant asked the Court to vacate its previous denial of his § 2255 motion based on the Supreme Court's intervening decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct 738 (2005). Finding that Defendant's motion primarily addressed the constitutionality of his underlying sentence, the Court concluded in an opinion and order entered May 4, 2005, that the motion had to be treated as a second or successive habeas petition. The Court therefore further concluded that it lacked jurisdiction to consider Defendant's requested

relief and that the motion had to be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. The Sixth Circuit subsequently denied Defendant's request for an order directing the district court to consider his second or successive § 2255 motion. *In re George Blair*, No. 05-1787 (6th Cir. Jan. 26, 2006) (unpublished).

Undeterred, on April 7, 2006, Defendant filed yet another motion seeking the correction of his sentence based on *Blakely* and *Booker*. In an April 26, 2006 decision, this Court denied the motion citing the Sixth Circuit's previous denial of his request for authorization to file a second or successive § 2255 motion based on the same authority. The Sixth Circuit affirmed this decision and the Supreme Court denied Defendant's petition for a writ of certiorari. *United States v. Blair*, No. 06-1683 (6th Cir. Dec. 8, 2006), *cert. denied*, 502 U.S. 906, 128 S. Ct. 238 (2007).

Defendant experienced some relief as a result of subsequent amendments to the sentencing guidelines retroactively reducing the offense level for cocaine base. As a result of those amendments, on May 22, 2009, the parties stipulated that Defendant met the criteria for a reduction in his sentence pursuant to the amendments. The parties further stipulated that Defendant was eligible for a two-level reduction in his base offense level pursuant to the amendments, resulting in a new offense level of 36. This reduced Defendant's applicable guideline range to 210 to 262 months. On May 28, 2009, this Court re-sentenced Defendant to 210 months.

On October 30, 2009, Defendant filed a motion to reduce his sentence further pursuant to 18 U.S.C. § 3582(c)(2). Defendant relied on pending federal legislation in

support of his motion, as well as cases decided after the Supreme Court issued its decision in *Booker*, in which the courts disregarded the crack cocaine guidelines and sentenced the defendants as if they were convicted of powder cocaine offenses: *United States v. Lewis*, 623 F. Supp. 2d 42 (D.D.C. 2009); *United States v. Gully*, 610 F. Supp. 2d 633 (N.D. Iowa 2009). Finding that neither authority supported a further reduction in Defendant's sentence, the Court denied his motion on December 17, 2009.

Defendant next filed a motion to correct his sentence pursuant to Federal Rule of Civil Procedure 60(b)(6) or 18 U.S.C. § 2255 on May 17, 2011. In the motion, Defendant again asserted an *Apprendi* challenge to his sentence. The Court held that the motion constituted a second or successive motion under § 2255 that must be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631.[1]

In his most recently filed motion, Defendant argues that an additional amendment to the United States Sentencing Guidelines warrants a reduction in his sentence. Specifically, Defendant relies on part A of Amendment 750 which alters the offense levels in U.S.S.G. § 2D1.1 applicable to crack cocaine offenses. The Sentencing Commission has added to Section 1B1.10(c) as a retroactive amendment. The amendment, however, is inapplicable to Defendant as it does not have the result of lowering his guideline range.

---

[1]On June 30, 2011, the Sixth Circuit sent a copy of the motion to Defendant with instructions to return the motion with certain completed forms to the appellate court on or before August 1, 2011. *See In re George Blair*, No. 11-1837. This is the last entry on the court of appeals' docket. *Id.*

Pursuant to the amendment, the base offense level for 357 grams of crack cocaine currently is 32– not 28 as Defendant contends in his motion.  *See* U.S.S.G. Manual app. C Am. 750 part A (2011).  Defendant received a two point weapons enhancement and two point enhancement for his role in the offense.  His adjusted offense level thus remains 36.  As such, his sentencing guideline range remains unchanged and he is not entitled to relief under § 3582(c)(2).

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 227] is **DENIED**.

Date:  February 28, 2012                           s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
George Blair, No. 01065-190
FCI Beckley
P.O. Box 350
Beaver, WV   25813

AUSA Anjali Prasad